# LAW OFFICES OF
# WENDIE L. ELOVICH, P.A.

WENDIE L. ELOVICH, ESQ
N.Y. & N.J. BAR

LITTLE SILVER COMMONS
180 WHITE ROAD, SUITE 204
LITTLE SILVER, NEW JERSEY 07739

(732) 842-3224
TELEFAX (732) 842-3494
elovichlaw@verizon.net

240 MADISON AVENUE
SEVENTH FLOOR
NEW YORK, NEW YORK 10016
(212) 681-1600
PLEASE REPLY TO
LITTLE SILVER OFFICE

April 28, 2010

*Via E-filing*

Honorable Madeline Cox Arleo, U.S.M.J.
Martin Luther King, Jr. Federal Building
& U.S. Courthouse, Room 2060
50 Walnut Street
Newark, NJ   07102

      Re:    Montalvo v. City of Newark, Vincent Gagliano. Samuel DeMaio,
              Lillian Mejias, Anthony F. Ambrose, III, Irving Bradley, Ronald
              Kinder, Kurt Ebler, John and Jane Does 1-10
              Civil Action No. 06-CV-01505 (GEB)

Dear Judge Arleo:

I am looking for a telephonic conference with the Court and Eric Pennington, based on the following information, before we give up on settlement discussions. I also recognize that the Court has created a schedule pertaining to the Motions for Summary Judgment.

<u>OAL/New Jersey Department of Personnel Information</u>

It seems that the City of Newark did not accurately report our partial settlement pertaining to Yessenia Montalvo to the New Jersey D.O.P., creating enormous problems for my client. Mrs. Montalvo contacted the D.O.P. to verify her status, and they confirmed that she is still listed in their records as "terminated." <u>Her status has not changed, although she is contributing to the pension.</u> If this status is not corrected, my client will not be able to retire upon reaching her 25 years of service. In actuality, she may be losing all of her prior contributions up to this point, because a "terminated" employee cannot draw service credit or make pension contributions.

Meanwhile, my client is being pressured to return to the OAL on May 7, 2010. Based on the foregoing information and, also, the ongoing deposition testimony of Union Representative, Walter Melvin, that Yessenia Montalvo did not possibly obtain progressive discipline for termination or even a <u>30 day</u> punishment, I am

Honorable Madeline Cox Arleo, U.S.M.J.
April 28, 2010
Page Two

going to guide my client to return to the OAL. When we were last in Court, Corporation Counsel tried to indicate that a Federal Court Judge could not alter the punishment nor issue an Order affecting the OAL or New Jersey D.O.P. Perhaps, that is accurate, but we definitely preserved that issue for time of trial. This is exactly what was negotiated by and between the parties for partial settlement and reinstatement and Newark agreed to set up the changed recordkeeping in 2007. I have a pending call into the Union to obtain further direction on the OAL Hearing, at this late date. This Court knows what it can do insofar as the correction of her permanent record set up for pension. Your Honor issued at least two Orders for that purpose and I look forward to your input for telephone conference. I am in my office today and tomorrow, if the Court can find time for us.

My client takes a staunch position that the new settlement offer, based on the two Complaints (including the last Retaliation Complaint under this docket number) should reflect the results of this very long litigation and the recent testimony, which supports the new Retaliation Complaint that none of what happened to Yessenia upon reinstatement should have occurred except for being targeted. In that regard, Yessenia Montalvo is looking for the following:

- Monies for pain and suffering **$300,000.00**. This may include the 30 days suspension monies - - if it is not to be removed, but the New Jersey D.O.P. record must be cleaned up so her contributions make sense. <u>Yessenia's termination status is problematic</u>. The multiple causes of action in both Complaints range from abuse of power, failed monitoring, lack of investigations for sexual harassment, physical altercation with another Police Officer, assault and battery, hostile work environment, disparate treatment and excessive unfair discipline, amongst other counts. Yessenia was pregnant and lost one of her triplets...

- $10,410.00 to be sent to the pension system, which will settle the outstanding issues of November 2007 partial Settlement Agreement on the record and Your Honor's Orders which followed.

- Payment of the legal fees to this law firm - $75,000.00 offered and the fee and costs exceed $200,000.00. If Jose's trial date is set, then he can preserve half that fee for his case, but the offer should really be **$100,000.00**. I did more work for Yessenia based on the new Retaliation Complaint and new requirements of Mr. Pennington to bring her forward for still another deposition.

Honorable Madeline Cox Arleo, U.S.M.J.
April 28, 2010
Page Three

- Personnel records expunged to show "no suspension time" with the Department of Personnel, or some clean-up as below shown.

- Her disciplinary records to be expunged of any IOP's and CAP's drawn in relation to Lillian Mejias, Newark Speaks and removal. This definitely can be done as I have sealed records in other situations of recent date and it will clean-up the PFRS and New Jersey D.O.P.

- A full investigation into the misuse of the subpoena process, with stated disciplinary measures to be taken against those Supervisors involved in the abuse. This relates to the Newark Speaks wrongful termination program known within the Department and Essex County Prosecutor's Office to have been abused.

- Alternatively, a new policy to be set by the Newark Police Department with strict guidelines to prevent further abuse of power in the subpoena process for the future. In other words, the Director will issue a Memorandum specifically against search and seizure violations, such as Newark Speaks. (The New Jersey Constitution offers privacy rights and all Officers, including the highest Chain of Command, took an oath to uphold the New Jersey Constitution and the United State Constitution.)

<u>Significant Change in Negotiations - Yessenia Montalvo</u>
(All Numbers Were Reduced)

It should also be noticed that Yessenia Montalvo has withdrawn her last negotiated position that her husband must be reinstated and also receive his rightful promotion to Sergeant before she would settle her case. This family has been greatly compromised, as always made known to the Court. If Jose does not obtain results, then this long litigation would have had no meaning to Mrs. Montalvo if she did not obtain sufficient results for her own long years of pain and suffering, which persisted upon reinstatement.

Then, the case against Jose Montalvo can move forward for summary judgment without reference to Yessenia, although she will support his case-in-chief.

Honorable Madeline Cox Arleo, U.S.M.J.
April 28, 2010
Page Four

This correspondence is being electronically filed, as per my understanding of a reply to Court today through your staff. I am hopeful that Mr. Pennington will react positively to get the attention of Corporation Counsel, who appeared at our last conference before the Court. I remain hopeful this case can settle and will take all offers and recommendations back to the client.

Respectfully yours,

WENDIE L. ELOVICH

WLE:jp
cc:   Eric S. Pennington, Esq., *via e-filing*
      Mr. and Mrs. Jose Montalvo