ERIC S. PENNINGTON, P.C.
One Gateway Center, 6th Floor
Newark, N.J.  07102
Tel.  (973) 639-0660          Fax.  (973) 642-8613
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE MONTALVO,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY OF NEWARK,<br><br>              Defendant. | CIVIL ACTION NO. 06-CV-01505<br>HON. SUSAN D. WIGENTON |

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO ESTEND TIME FOR FILING APPEAL PURSUANT TO F.R.A.P.  4(a)(5)**

**LEGAL ARGUMENT**

Plaintiff's appeal is out of time and no excusable neglect exists to warrant an extension of the time for plaintiff to file a notice of appeal. Pursuant to Federal Rule of Appellate Procedure 4(a)(5), a party who files for an extension of the 30 day appeal period after that period has expired must demonstrate "excusable neglect" in order to receive an extension. Consol. Freightways Corp. of Delaware v. Larson, 827 F.2d 916, 918 (3d Cir. 1987). The standard for determining excusable neglect is "a 'strict' one," and excusable neglect applies only to "extraordinary cases where injustice would otherwise result." Consol. Freightways Corp. of Delaware v. Larson, 827 F.2d 916, 918 (3d Cir. 1987).

The court held that a determination of excusable neglect requires the balancing of several factors, which include: (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure, *Campbell v. Bowlin,* 724 F.2d 484 (5th Cir.1984) (failure to read rules of procedure not excusable); (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, *Airline Pilots v. Executive Airlines, Inc.,* 569 F.2d 1174 (1st Cir.1978) (mistake in diarying counsel's calendar not excusable); (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, *United States v. Commonwealth of Virginia,* 508 F.Supp. 187 (E.D.Va.1981) (failure to arrange coverage during attorney's vacation which encompassed end of appeal period not excusable); (4) whether the inadvertence reflects a complete lack of diligence, *Reinsurance Co. of America, Inc. v. Administratia,* 808 F.2d 1249 (7th Cir.1987); or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance. Consol. Freightways Corp. of Delaware v. Larson, 827 F.2d 916, 919 (3d Cir.

1987). When these factors are applied to the case at bar, there can be no finding of excusable neglect.

Plaintiff seeks to appeal the order denying his post-trial motion seeking reinstatement, which was entered on August 18, 2011. As set forth in plaintiff's brief, at the time of trial and during post-trial motions, plaintiff was represented by the law firm of Wendie L. Elovich, P.A. According to Plaintiff, his notice of appeal was due on or before September 19, 2011. Plaintiff initially met with the law firm of Fusco and Macaluso on August 31, 2011, for the purpose of retaining the firm to handle his appeal. The initial meeting between Plaintiff and subsequent counsel was nearly three weeks prior to the date a notice of appeal was due. Plaintiff "formally" retained the firm of Fusco and Macaluso the next day, on September 1, 2011. Plaintiff asserts that at the time he initially met with substitute counsel, he did not have a copy of the order he seeks to appeal. He does not make the same claim with respect to his visit the next day, when he "formally" retained substitute counsel. Further, plaintiff was present during the argument for his motion to reinstate his employment. He heard the decision as it was rendered from the bench, and thus was no notice of the court's position on that date. He could have, and should have, notified his new attorney of the decision that was rendered from the bench. It is likely that plaintiff informed his new attorney of the decision, or there would be no need for him to seek counsel to file an appeal. It would appear that Plaintiff and his new attorney had ample time to file a notice of appeal.

Plaintiff contends, at page 2 of his brief, that his new attorney and former attorney failed to timely file his notice of cross-appeal "due to the confusion generated by the transfer of the

responsibility of representing the plaintiff." When analyzed by the test set forth in Consolidated Freightways, 827 F.2d at 919, this stated reasons for failing to timely file a notice of appeal is insufficient to constitute excusable neglect, nor does this reason constitute "good cause." Plaintiff suggests that his failure to timely file a notice of appeal was not due to lack of diligence on the part of his counsel. In support of this position, plaintiff contends that the notice was not timely filed due to a lack of communication between the new law firm and the old law firm. See plaintiff's brief at 6. Miscommunication between the two firms does not constitute excusable neglect. With a minimum level of diligence, Fusco and Mascaluso could have ascertained whether the law firm of Wendie L. Elovich, P.A. had timely filed a notice of appeal. Fusco and Mascaluso failed to exercise the level of diligence necessary to preserve its client's right to timely file a notice of appeal. Its lack of diligence cannot be a basis to grant the filing of a notice of appeal out of time. Both firms had ample time and notice to file a timely notice of appeal.

## CONCLUSION

Absent extraordinary circumstances, which are not demonstrated here, plaintiff has not demonstrated excusable neglect and thus his motion must be denied.

Dated: October 6, 2011

                                            Eric S. Pennington, P.C.

                                                s/Eric S. Pennington
                                          By: Eric S. Pennington, Esq. (ESP 4416)
                                          Counsel for Defendants